UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THOMAS & KAREN RYAN,

        Plaintiffs,

   v.

BAC HOME LOANS SERVICING, LP,

        Defendant.
_____/

NO. CIV. 2:10-2928 WBS GGH

MEMORANDUM AND ORDER RE: MOTION FOR PRELIMINARY INJUNCTION

----oo0oo----

Plaintiffs Thomas and Karen Ryan filed this action, pro se, against defendant BAC Home Loans Servicing, LP ("BAC"), alleging federal and state law claims arising from defendant's allegedly wrongful acts in conjunction with a mortgage on plaintiffs' home.  Plaintiffs now move for a preliminary injunction to enjoin foreclosure of plaintiffs' home.[1]

---

[1] Previously, in other matters, for the reasons stated in Amstadter v. Bank of America, Civ. No. 2:09-2826, 2009 WL 5206640 (E.D. Cal. Dec. 22, 2009), the undersigned judge has recused from handling cases in which any of the countless subsidiaries of the Bank of America were parties because the spouse of one of my law

1

I.  <u>Procedural and Factual Background</u>

   Plaintiffs filed their Complaint in this action on November 1, 2010, and filed a motion for preliminary injunction on the same day. (Docket Nos. 1, 3.) Upon receipt of the motion, the court ordered plaintiffs to serve notice of the motion on defendant by November 4, 2010, and to file proof of service of the motion on defendant by November 5, 2010. (Docket No. 6.) Plaintiffs have failed to do so. The briefing schedule required defendant to submit a reply by November 8, 2010, and plaintiffs to submit a response by November 10, 2010. (<u>Id.</u>) Defendant, having not been served, has of course not filed anything with the court.

   "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Exhibit 1 to the Motion, entitled "Affidavit of Service," seems to be insufficient as proof of notice. In the document, plaintiffs state that they "served a signed copy of this Petition for TRO" on defendant "by way of facsimile" on October 29, 2010, and also spoke on the phone to someone named "Whitney" at defendant's offices. (Original Petition & Req. for Temporary Inj. ("Mot.") Ex. 1 at 1.) Given that this occurred before the instant case was filed, it is unclear what the "Petition for TRO" involved. Whether defendants were on notice or not is irrelevant, as the court will deny the motion.

   The facts contained in the Complaint are slim at best.

---

clerks owns a small amount of stock in the Bank of America. Because that law clerk is presently on maternity leave, and has been so since before the Complaint in this action was filed, there is no reason for recusal in this matter.

2

The court can discern only that plaintiffs entered into a loan transaction with defendant to refinance their residence located at 301 Gibson Drive, Unit 412, in Roseville, California. (Compl. at 1.) The Complaint does not contain facts regarding, for example, the date the loan transaction occurred, who the actual parties to the loan were, whether plaintiffs have defaulted on the loan, or who is attempting to foreclose on the loan.

Plaintiffs may or may not be describing the terms of their actual loans when they explain how interest rates work by stating that "[u]sing the instant case as an example, a 303,120.00 note at 7.7390% interest over 30 years will produce $256,097.06. . . . Using Plaintiffs [sic] 2nd Loan an example, a 37,890.00 note at 12.1740% interest over 30 years will produce $70,869.58." (Id. at 4-5.)

Plaintiffs also claim that "the entity now claiming agency to represent the holder of the security instrument is not the original lender." (Id. at 12.) It is unclear whether anyone is actually attempting to foreclose on the property. (See id. at 32 (foreclosure sale set for the week of October 4, 2010); Mot. Ex. 1 at 1 (no foreclosure sale scheduled); id. (foreclosure sale set for December 6, 2010).)

Plaintiffs bring claims for breach of fiduciary duty, negligence and negligence per se, fraud, breach of the implied covenant of good faith and fair dealing, a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and intentional

3

infliction of emotional distress.[2]

II. Discussion

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, 129 S. Ct. 365, 374 (2008). In Winter, the Court reaffirmed the traditional standard for granting a preliminary injunction and rejected the Ninth Circuit's variations of the standard, such as requiring only a "possibility" of irreparable harm if the plaintiff shows a strong likelihood of prevailing on the merits. Id. at 375. As the Supreme Court has repeatedly recognized, injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-30 (2d ed. 1995)); see Winter, 129 S. Ct. at 375-76.

    A.    Likelihood of Success on the Merits

Plaintiffs have failed to make any factual allegations that could support any claim to relief. For example, the "Affidavit of Notice" attached to the motion notes that "ReconTrust has a date of 12-6-10 on their website" for the

---

[2] Plaintiffs might also be bringing a claim for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, as they allege violations of it without naming it as a claim.

4

foreclosure sale (Mot. Ex. 1 at 1), but the only defendant in the case is BAC. Other than naming BAC as the defendant on the first page of the Complaint, plaintiffs do not allege how BAC was involved in the loan or any actionable conduct that it performed. Plaintiffs' complete lack of factual allegations makes it impossible to find that they have a likelihood of success on the merits.

Furthermore, the legal bases for plaintiffs' claims are flawed. The Complaint seems to boil down to the idea that lenders should not allow borrowers to borrow more than they can afford. (See Compl. at 13.) However, there is generally no actionable duty between a lender and borrower arising out of a loan transaction. "Absent 'special circumstances' a loan transaction 'is at arms-length'" and no duties arise from the loan transaction outside of those in the agreement. Rangel v. DHI Mortg. Co., No. CV F 09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009) (quoting Oaks Mgmt. Corp. v. Super. Ct., 145 Cal. App. 4th 453, 466 (4th Dist. 2006)). Plaintiffs have not alleged any reason why defendant owes them a duty to prevent them from taking out a loan they could not afford.

Plaintiffs also allege that the lien should not be separated from the security instrument, presumably because they believe production of the original note is required for non-judicial foreclosure. (See Compl. at 14.) However, "under California law there is no requirement for the production of the original note to initiate a non-judicial foreclosure." Foster v. SCME Mortg. Bankers, Inc., No. CIV 2:10-518 WBS GGH, 2010 WL 1408108, at *5 (collecting cases).

Finally, plaintiffs allege that defendant charged fees in violation of the Real Estate Settlement Procedures Act ("RESPA") when the loan transaction occurred and that plaintiffs are "unable to determine whether or not the . . . fees are valid . . . ." (Compl. at 15-16.) Plaintiff alleges the following RESPA violations:

> Good Faith Estimate not within limits, No HUD-1 Booklet, Truth in Lending Statement not within limits compared to Note, Truth in Lending Statement not timely presented, HUD-1 not presented at least one day before closing, No Holder Rule Notice in Note, No 1st Payment Letter. The closing documents included no signed and dated: Financial Privacy Act Disclosure; Equal Credit Reporting Act Disclosure; notice of right to receive appraisal report; servicing disclosure statement; borrower's Certification of Authorization; notice of credit score; RESPA servicing disclosure letter; loan discount fee disclosure; business insurance company arrangement disclosure; notice of right to rescind.

(Id. at 17.) This allegedly shows that "lender intended to defraud borrower in the amount of $1,364,168.13." (Id. at 18.) However, even if these RESPA claims have merit, they have no relation to the impending foreclosure sale. See 12 U.S.C. § 2605 (remedy for RESPA violation is monetary damages and costs, not injunctive relief).

By failing to allege any of the relevant facts that could justify relief and by relying on inadequate legal theories, plaintiffs have completely failed to demonstrate a likelihood of success on the merits.

B. <u>Irreparable Harm</u>

Plaintiffs argue that they will suffer irreparable harm absent the issuance of a preliminary injunction because "Plaintiffs will suffer the complete loss of the property."

6

(Mot. at 31.)  "Clearly, loss of a home is a serious injury." Alcaraz v. Wachovia Mortg. FSB, 592 F. Supp. 2d 1296, 1301 (E.D. Cal. 2009).  "However, whether a particular foreclosure constitutes irreparable harm turns in part on the reasons for foreclosure." Mandriques v. World Sav., Inc., No. C 07-4497, 2009 WL 160213, at *3 (N.D. Cal. 2009) (citing Parker v. U.S. Dep't of Agric., 879 F.2d 1362, 1367-68 (6th Cir. 1989)); see Alcaraz, 2009 WL 30297, at *4 (denying motion for preliminary injunction because "the record suggests that Ms. Alcaraz sought a loan beyond her financial means and expectation of job loss[,] . . . [and the] resulting harm does not alone entitle her to injunctive relief").  Here, plaintiffs have not provided any explanation as to why they are in their present predicament. Since plaintiffs have not shown that the irreparable harm they will allegedly experience is caused by defendant, this factor does not favor granting plaintiffs' motion.

C.   The Balance of Equities and the Public Interest

Plaintiffs argue the balance of equities favors granting a preliminary injunction because "if plaintiffs are forced to vacate the property, the property will sit empty for the duration of the action.  Plaintiffs will suffer loss of the use of said property and will loose [sic] opportunity to maintain same . . . ."  (Mot. at 32.)  While "the potential loss of [a] Plaintiff's home through foreclosure generally presents a hardship that weighs in his favor," Saba v. Caplan, No. C 10-02113, 2010 WL 2681987, at *5 (N.D. Cal. July 6, 2010), since plaintiffs have not shown they did not create the hardship they are experiencing, this factor does not weigh in their favor.

7

Finally, plaintiffs argue that "there are already a great number of empty houses with the current residential foreclosure mess." (Mot. at 32.) The court will not enjoin one foreclosure sale simply because the "foreclosure mess" has resulted in empty houses. Plaintiffs have failed to explain what "critical public interest," Indep. Living Ctr. of S. Cal. v. Maxwell-Jolly, 572 F.3d 644, 659 (9th Cir. 2009), favors enjoining a foreclosure that plaintiffs have not alleged to be illegal. This factor does not weigh in plaintiffs' favor.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction be, and the same hereby is, DENIED.

DATE:   November 12, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE