**BRYAN CAVE LLP**
Bahareh Mostajelan, California Bar No. 258903
2 Embarcadero Center, Suite 1410
San Francisco, CA  94111
Telephone:      (415) 675-3400
Facsimile:      (415) 675-3434
Email:          bahareh.mostajelean@bryancave.com

**BRYAN CAVE LLP**
Sean K. McElenney, California Bar No. 160988
Two North Central Avenue, Suite 2200
Phoenix, AZ  85004-4406
Telephone:   602-364-7000
Facsimile:   602-364-7070
Email:        skmcelenney@bryancave.com

Attorneys for Defendant
BAC HOME LOANS SERVICING, LP

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| Thomas & Karen Ryan,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>BAC Home Loans Servicing, LP,<br><br>　　　　　　　Defendant. | Case No. 2:10-cv-02928-WBS-GGH<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>[Filed concurrently with Motion To Dismiss]<br><br>Hon. William B. Shubb<br><br>Date:          February 14, 2010<br>Time:          2:00 p.m.<br>Courtroom:   15, 14th Floor<br><br>Complaint Filed:  November 1, 2010<br><br>Trial Date:  Not Assigned |

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION. ...................................................................................................1

II.    STATEMENT OF FACTS. ......................................................................................1

III.    LEGAL STANDARD. .............................................................................................2

IV.    LEGAL ARGUMENT.............................................................................................4

    A.    Plaintiffs Have Not Properly Commenced An Action Against BAC.....................4

    B.    Plaintiffs' Complaint Fails Because They Have Not Alleged Tender....................4

    C.    Plaintiffs Have Failed To State A Claim For Unjust Enrichment. ..........................5

    D.    Plaintiffs Fail to State A Cause Of Action To Quiet Title......................................6

    E.    Plaintiffs Fail To State A Claim For Breach Of Fiduciary Duty. ...........................7

    F.    Plaintiffs Fail To State A Claim For Negligence/Negligence Per Se....................8

        1.    Plaintiffs' Claim For Negligence/Negligence Per Se is Time-Barred.........8

        2.    BAC Did Not Owe Or Breach A Duty To Plaintiff......................................8

        3.    Negligence Per Se Is Not A Cognizable Claim. ........................................11

    G.    Plaintiffs Fail To State a Cause of Action for Fraud. ...........................................11

        1.    Plaintiffs' Fraud Claim Is Time-Barred......................................................11

        2.    Plaintiffs Do Not Allege Fraud With Sufficient Particularity. ..................11

    H.    Plaintiffs' Complaint Fails To State A Claim For Breach Of The Implied Covenant of Good Faith And Fair Dealing...........................................................13

    I.    Plaintiffs' Claim For Violation Of The Truth In Lending Act Fails Because It Is Time-Barred and Fails To State Any TILA Violation. ..................................14

        1.    Plaintiffs Do Not  Allege Tender Of The Borrowed Funds.......................14

        2.    Plaintiffs' TILA Claim Is Time-Barred. ....................................................15

        3.    Plaintiffs Fail To Allege A Breach Of TILA By BAC. .............................15

    J.    Plaintiffs Fail To State A Cause Of Action On Their Claim For Intentional Infliction Of Emotional Distress............................................................................16

        1.    Plaintiffs' Claim For Intentional Infliction Of Emotional Distress Is Time-Barred..............................................................................................16

        2.    Plaintiffs Do Not Allege Any Facts In Support Of Their Claim For Intentional Infliction Of Emotional Distress. ...........................................17

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

V.    CONCLUSION.................................................................................................................18

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abdallah v. United Savs. Bank,*
   43 Cal. App. 4th 1101 (1996) ................................................................................... 5

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,*
   988 F. 2d 1157 (Fed. Cir. 1993) ............................................................................... 2

*Alicea v. GE Money Bank,*
   No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813 (Jul. 16, 2009) ...................... 4

*Arnolds Management Corp.,*
   158 Cal. App. 3d 575 .................................................................................................. 5

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009)........................................................................................... 2, 15

*Aspenlind v. Am.'s Servicing Co.,*
   No. 07-0769, 2008 U.S. Dist. LEXIS 11530 (E.D. Ca. Feb. 15, 2008) .................. 12

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................... 3, 15

*Branch v. Tunnel,*
   14 F.3d 449 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa
   Clara,* 307 F.3d 1119 (9th Cir. 2002) ...................................................................... 3

*Bushong v. Paramount Equity Mortgage, Inc.,*
   2010 WL 3945256 (Dist. Or. 2010) ....................................................................... 16

*Cal. Serv. Station & Auto Repair Ass'n v. Am. Home Assur. Co.,*
   62 Cal. App 4th 1166 (1998) .................................................................................. 11

*Carma Developers, Inc. v. Marathon Dev. Co., Inc.,*
   2 Cal. 4th 342 (1992) .............................................................................................. 14

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ...................................................................................... 3

*Comm. on Children's Television, Inc. v. Gen. Foods Corp.,*
   35 Cal. 3d 197 (1983) ............................................................................................... 7

*Conroy v. Regents of University of California,*
   151 Cal. App. 4th 132 (2007) ................................................................................. 17

*Coyotzi v. Countrywide Financial Corp.,*
   No. CV F 09-1036 LJO SMS, 2009 WL 2985497 (E.D. Cal. Sept. 16, 2009) ........... 8

*Davidson v. City of Westminster,*
   32 Cal. 3d 197 (1982) ............................................................................................. 17

*De La Torre v. Icenhower,*
   2009 WL 3614563 (S.D. Cal. Oct. 28, 2009) ........................................................... 8

*Edwards v. Marin Park, Inc.,*
   356 F.3d 1058 (9th Cir. 2004) .................................................................................. 3

*Hallas v. Ameriquest Mortg. Co.,*
   406 F. Supp. 2d 1176 (D. Or. 2005) ........................................................................ 9

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

*Howard v. Koch*,
  575 F. Supp. 1299 (E.D. N.Y. 1982) ...........................................................................4

*Ileto v. Glock, Inc.*,
  349 F.3d 1191 (9th Cir., 2003) ...................................................................................2

*In Perati v. Atkinson*,
  213 Cal. App. 2d 472 (1963) ....................................................................................17

*Isaacson v. California Ins. Guarantee Assn.*,
  44 Cal. 3d 775 (1988) ...............................................................................................17

*ITI Internet Services, Inc. v. Solana Capital Partners, Inc.*,
  2006 WL 1789029 (W.D. Wash. 2006)......................................................................3

*Kamp v. Aurora Loan Servs.*,
  No. 09-00844, 2009 WL 3177636 (C.D. Cal. Oct. 1, 2009) ....................................14

*Karlsen v. American Sav. & Loan Ass'n*,
  15 Cal. App. 3d 112 (1971) ........................................................................................5

*Kemezis v. Matthew*,
  No. Civ.A. 07-5086, 2008 WL 2468377 (E.D. Pa. June 16, 2008)...........................10

*King v. State of California*,
  784 F. 2d 910 (9th Cir. 1986) ............................................................................2, 9, 15

*Kruse v. Bank of Am.*,
  202 Cal. App. 3d 38 (1988) ........................................................................................7

*Lee v. Aurora Loan Servs.*,
  No. C 09-4482 JF (HRL), 2010 WL 1999590 (N.D. Cal. May 18, 2010) ..................6

*Marks v. Ocwan Loan Servicing*,
  2008 WL 344210 (N.D. Cal. Feb. 06, 2008) ...........................................................16

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
  No. 07-912, 2007 WL 3047093 (S.D. Cal. Oct. 16, 2007)........................................12

*McClain v. Octagon Plaza, LLC*,
  159 Cal. App. 4th 784 (2008) ...................................................................................13

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ......................................................................................2

*Melchoir v. New Line Prods., Inc.*,
  106 Cal. App. 4th 779 (2003) .................................................................................5, 6

*Meyer v. Ameriquest Mortg. Co.*,
  342 F.3d 899 (9th Cir. 2003) ...............................................................................9, 15

*MGIC Indem. Corp. v. Weisman*,
  803 F.2d 500 (9th Cir. 1986) ......................................................................................3

*Miguel v. Country Funding Corp.*,
  309 F.3d 1161 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) ..............9, 15

*Moore v. Kayport Package Express, Inc.*,
  885 F. 2d 531 (9th Cir. 1989) ...................................................................................12

*Navarro v. Block*,
  250 F. 3d 729 (9th Cir. 2001) ......................................................................................2

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ....................................................................................................2

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ............................................................................ 12

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089 (1991) ...................................................... 7, 8, 9, 13

*Ortiz v. Accredited Home Lenders, Inc.*,
  639 F. Supp. 2d 1159 (S.D. Cal. 2009) ......................................................... 6

*Otworth v. S. Pac. Transp. Co.*,
  166 Cal. App. 3d 452 (1985) ...................................................................... 14

*Peter W. v. San Francisco Unified School Dist.*,
  60 Cal. App. 3d 814 (1976) .......................................................................... 9

*Pierce v. Lyman*,
  1 Cal. App. 4th 1093 (1991) ......................................................................... 7

*Quelimane Co. v. Stewart Title Guaranty Co.*,
  19 Cal. 4th 26 (1998) ................................................................................... 9

*Quiroz v. Seventh Ave. Center*,
  140 Cal. App. 4th 1256 (2206) .................................................................. 11

*Racine & Laramie Ltd. v. Dept. of Parks & Recreation*,
  11 Cal. App. 4th 1026 (1992) .................................................................... 13

*Roberts v. Lomanto*,
  112 Cal. App. 4th 1553 (2004) .................................................................... 7

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ....................................................................... 2

*Ross v. Creel Printing & Publ'g Co.*,
  100 Cal. App. 4th 736 (2002) .................................................................... 17

*Ruiz v. Mortgage Elec. Registration Sys.*,
  No. 09-0780, 2009 U.S. Dist. LEXIS 67050 (E.D. Ca. Aug. 3, 2009) ........ 12

*Russell v. Mortgage Solutions Management, Inc.*,
  2010 WL 3945109 (Dist. Or. 2010) .......................................................... 16

*Shimpones v. Stickney*,
  219 Cal. 637 (1934) ...................................................................................... 6

*Shwarz v. U.S.*,
  234 F.3d 428 (9th Cir. 2000) ....................................................................... 3

*Sitanggang v. IndyMac Bank, F.S.B.*,
  No. 09-0367, 2009 WL 1286484 (E.D. Cal. May 6, 2009) ....................... 15

*Snow v. First Am. Title Ins. Comp.*,
  332 F.3d 356 (2003) ................................................................................... 10

*Southern Counties Thrift Co. v. Reardon*,
  47 Cal. App. 2d 770 (1941) .......................................................................... 8

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
  2 Cal. App. 4th 152 (1991) ........................................................................ 12

*Thompson v. County of Alameda*,
  27 Cal. 3d 741 (1980) .................................................................................. 9

*Trerice v. Blue Cross of Cal.*,
  209 Cal. App. 3d 878 (1989) ............................................................... 17, 18

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

*Truong v. Nguyen,*
    156 Cal. App. 4th 865 (2007) ..................................................................................8

*U.S. v. Ritchie,*
    342 F.3d 903 (9th Cir. 2003) ...................................................................................3

*United States Cold Storage of California v. Great W. Savings & Loan Ass'n,*
    165 Cal. App. 3d 1214 (Cal. Ct. App. 1985) .........................................................4

*Valenzuela v. America Home Mortg. Inv. Trust 2005-2,*
    No. CV-F-08-1179 OWW/SMS, 2009 WL 839930 (E.D. Ca. Mar. 30, 2009) ........... 13

*Vess v. Ciba-Geigy Corp. USA,*
    317 F. 3d 1097 (9th Cir. 2003) .............................................................................12

*Wagner v. Benson,*
    101 Cal. App. 3d 27 (1980) ....................................................................................9

*Watts v. Decision One Mortg. Co.,*
    2009 WL 2044595 (S.D. Cal. July 13, 2009) .........................................................9

*Williams v. Saxon Mortg. Servs., Inc.,*
    2007 WL 3124470 (S.D. Ala. Oct. 27, 2007) ...............................................10, 15

*Wolf v. Superior Court,*
    107 Cal. App. 4th 25 (2003) ...................................................................................7

*Wolf v. Walt Disney Pictures and Television,*
    162 Cal. App. 4th 1107 (2008) .............................................................................14

*Wong v. Am. Servicing Co., Inc.,*
    2009 WL 5113516 (E.D. Cal. 2009) .......................................................................9

*Wright v. City of Morro Bay,*
    144 Cal. App. 4th 767 (2006) .................................................................................6

*Yamamoto v. Bank of New York,*
    329 F.3d 1167 (9th Cir. 2003) ..............................................................................14

## STATUTES

12 U.S.C. § 2605 .............................................................................................................. 10

12 U.S.C. § 2605(e) .......................................................................................................... 10

12 U.S.C. § 2605(e)(1)(B), (e)(1)(B)(ii) ......................................................................... 10

12 U.S.C. § 2607 .............................................................................................................. 10

12 U.S.C. § 2614 .............................................................................................................. 10

15 U.S.C. § 1635(f) ......................................................................................................9, 15

15 U.S.C. § 1638 (a) ......................................................................................................... 15

15 U.S.C. § 1638 (b) ......................................................................................................... 15

15 U.S.C. § 1638 (c) ......................................................................................................... 15

15 U.S.C. § 1640(e) ......................................................................................................9, 15

15 U.S.C. § 1641(e) .......................................................................................................... 16

15 U.S.C. § 1641(f)(1) ................................................................................................10, 15

15 USC § 1601 ................................................................................................................... 1

Cal. Civ. Code § 1691(b) ................................................................................................... 6

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Cal. Civ. Proc. Code § 335.1 ........................................................................................ 16

Cal. Civ. Proc. Code § 338(d)....................................................................................... 11

Cal. Civ. Proc. Code §§ 761.020(a)-(e) .......................................................................... 6

## **OTHER AUTHORITIES**

1 B.E. Witkin, *Summary of California Law*, Contracts § 798 (10th ed.) ........................... 13

4 Miller & Starr, California Real Estate § 10:212 (3d ed. 2003)...................................... 6

## **RULES**

Fed. R. CIv. P. 10(b)....................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 2

Fed. R. Civ. P. 8 ............................................................................................................. 4

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 4

Fed. R. Civ. P. 8(e)(1) .................................................................................................... 4

Fed. R. Civ. P. 9(b) ................................................................................................. 3, 12

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION.**

This case involves a dispute over a residential loan and trust deed.  Thomas and Karen Ryan's ("Plaintiffs") *Original Petition* ("Complaint"), which is copied from the Internet (http://www.scribd.com/doc/36849128/Basis-for-Complaint) and does not allege any facts specific to Plaintiffs' claims, asserts causes of action for unjust enrichment, quiet title, breach of fiduciary duty, negligence, fraud, breach of the implied covenant of good faith and fair dealing, violations of the Truth In Lending Act (15 USC §§ 1601, *et. seq.*), and intentional infliction of emotional distress.

On November 15, 2010, the Court denied Plaintiffs' petition for a preliminary injunction. In its order, the Court stated that "[t]he facts contained in the Complaint are slim at best[]" and "Plaintiffs have failed to make any factual allegations that could support any claim to relief." *Memorandum And Order Re:  Motion For Preliminary Injunction* at 2, 4 (Doc. No. 9).  Since then, nothing has changed.  Plaintiffs have no facts to support any claims against BAC Home Loans Servicing, LP ("BAC").

BAC requests that the Court dismiss Plaintiffs' Complaint for the following reasons:

1)     Plaintiffs' claims for breach of fiduciary duty, negligence, fraud, violation of TILA and intentional infliction of emotional distress are time-barred; and

2)     Plaintiffs do not allege facts sufficient to state a claim upon which relief may be granted.

**II.     STATEMENT OF FACTS.**

Plaintiffs' Complaint contains virtually no specific facts other than:

1.     Plaintiffs "entered into a consumer contract for the financing of a property located at 301 Gibson Dr. Unit 412, Roseville, CA 95678 . . ."  Complaint at 1:26 – 27; and

2.     Plaintiffs were charged various fees at closing.  *Id.* at 15:23 - 16:14.

Plaintiffs do not allege any other facts in support of their claims against BAC.

The loan documents show that, on January 3, 2007, Plaintiffs borrowed $303,102.00 from Aegis Wholesale Corporation ("Loan") to purchase real property located at 301 Gibson Drive,

Unit 412, Roseville, CA 95678 ("Property").  In connection with the Loan, Plaintiffs executed a promissory note and deed of trust.  *See Request for Judicial Notice,* ("RJN") Exhibits A and B. Plaintiffs defaulted on the Loan by failing to pay principal, interest, and impounds which became due on April 01, 2009 and each month thereafter.  *See* RJN, Exhibit C.  As a result of Plaintiffs' default, the successor trustee, ReconTrust Company, N.A. ("ReconTrust"), noticed a trustee's sale of the Property, originally scheduled for April 28, 2010.  The sale has since been postponed and is currently scheduled for January 14, 2011 at 10:00 a.m.

Plaintiffs' Complaint appears to have been copied from the Internet and has been used, almost verbatim, by other pro se litigants.  *See* RJN, Exhibits E and G.  The allegations in the Complaint have no factual relationship to the Loan or Plaintiffs' dealings with BAC.

## III.     LEGAL STANDARD.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block,* 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984).  Time barred claims and remedies are also properly disposed of on a motion to dismiss. See *King v. State of California*, 784 F. 2d 910, 913-15 (9th Cir. 1986).  The purpose of a 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F. 2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir., 2003).  Indeed, the Supreme Court recently confirmed the requirements that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009), citing

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In evaluating a motion to dismiss, the court must construe plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations as true.  *Shwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000).  The court need not accept as true, however, allegations that contradict facts that may be judicially noticed.  *Id.*  When a plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may do so as part of its motion to dismiss. *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).  Such documents are not considered to be outside the pleadings.  *Id.; U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)  This Court also may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Moreover, allegations of fraud are subject to a heightened pleading standard under Rule 9(b), which requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. Proc. 9(b).  When pleading a fraud claim, a complaint must, at a minimum, "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004) (internal citations omitted).  In addition, "[s]uch allegations must define the specific involvement of the individual defendants."  *ITI Internet Services, Inc. v. Solana Capital Partners, Inc.,* 2006 WL 1789029 *1, *8 (W.D. Wash. 2006) (citation omitted).  Conclusory allegations that defendants were acting in concert with, or were principals of, agents who were making false statements without any factual basis are insufficient to satisfy Rule 9(b). *See ITI Internet Services, Inc.*, 2006 WL 1789029 at *8-*9.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

## IV.   LEGAL ARGUMENT.

### A.   Plaintiffs Have Not Properly Commenced An Action Against BAC.

The purpose of Fed. R. Civ. Proc. 8, providing general rules of pleading, is to protect defendants from undefined charges and keep federal courts free of frivolous suits.  *Howard v. Koch*, 575 F. Supp. 1299, 1304 (E.D. N.Y. 1982).  In order to allow a defendant to frame a responsive pleading, Fed. R. Civ. Proc. 8(a)(2) requires a pleading which sets forth a claim for relief to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. Proc. 8(e)(1) requires each averment to be "simple, concise, and direct." Fed. R. Civ. P. 10(b) requires claims to be limited to the extent possible to a "statement of a single set of circumstances."  Plaintiffs' Complaint fails to satisfy any of these requirements.

Plaintiffs' Complaint fails to clearly or concisely allege the legal basis for this action. Plaintiffs' use of conclusory language does not establish that they are entitled to any relief, and they do not reasonably apprise BAC of the claims Plaintiffs assert here.  Plaintiffs' Complaint appears to have been copied from the Internet and has been used, almost verbatim, by other pro se litigants.  *See* RJN, Exs. E and G.  Another nearly identical complaint has been deemed "wholly devoid of any factual basis supporting Petitioner's many legal conclusions" in a similar action in the Central District of California.  RJN, Ex. F.  An Oregon District Court has ruled that another nearly identical complaint, filed in a similar action, should be dismissed with prejudice and that "the deficiencies in all of plaintiff's claims cannot be cured by amendment."  RJN, Ex. H.

### B.   Plaintiffs' Complaint Fails Because They Have Not Alleged Tender.

Plaintiffs' complaint fails as a matter of law because they fail to allege tender of the undisputed obligation under the Loan in full.  It is well established that a debtor cannot challenge foreclosure proceedings without first alleging tender:  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  *Alicea v. GE Money Bank*, Case No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009; *see also United States Cold Storage of California v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985).

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

The tender requirement extends to any claim "implicitly integrated" with the foreclosure sale.  *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  A cause of action is "implicitly integrated" with the foreclosure sale if it challenges and/or seeks damages relating to any aspect of the foreclosure process.  *Id.*; *see also Arnolds Management Corp.*, 158 Cal. App. 3d 575, 579-80 (affirming demurrer sustained without leave to amend on claims of wrongful foreclosure, fraud, and negligence because plaintiff challenging foreclosure sale failed to tender all outstanding monies owed *before* the commencement of the action); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (holding that plaintiff's claims for breach of oral agreement, accounting, and constructive trust fail because plaintiff never made a valid tender).  All of Plaintiffs' claims are implicitly integrated with the scheduled trustee's sale of the Property.

The rationale behind this rule is simple.  If a plaintiff who has defaulted cannot pay the full amount owing under their loan to redeem the property, enjoining a foreclosure sale is "nothing but an idly and expensively futile act."  *Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 579.  Enjoining foreclosure sales without requiring an allegation of tender "would permit plaintiffs to state a cause of action without the necessary element of damage to themselves."  *Id.* at 580.

Plaintiffs do not allege that they have tendered or are currently willing and able to tender the entire amount due under the Loan.  Thus, they lack standing to challenge the scheduled trustee's sale of the Property.

**C.      Plaintiffs Have Failed To State A Claim For Unjust Enrichment.**[1]

Plaintiffs' claim for unjust enrichment must fail because "there is no cause of action in California for unjust enrichment."  *Melchoir v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003).  "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."  *Id.*

---

[1] Plaintiffs have interspersed vague legal theories for relief within the narrative of the Complaint, which is essentially a condemnation of the mortgage industry at large.  BAC's Motion To Dismiss attempts to address all of the possible causes of action raised in the Complaint.  To the extent that Plaintiffs seek relief under a legal theory that this Motion to Dismiss does not address, any such claim necessarily fails for the reason that Plaintiffs allege no facts in support of their Complaint.

"Unjust enrichment is 'a general principle, underlying various legal doctrines and remedies,' rather than a remedy itself." *Id.*

Here, the Complaint asserts "unjust enrichment" as an independent cause of action. *See* Complaint at 24:3-19. However, no such cause of action exists, since unjust enrichment merely describes the effect of a failure to make restitution. In addition, Plaintiffs' Complaint fails to allege any facts to support their claim for unjust enrichment.

**D.    Plaintiffs Fail to State A Cause Of Action To Quiet Title.**

In order to state of cause of action for quiet title, a plaintiff must include: (1) a description of the subject property; (2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the claims adverse to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title of the plaintiff against adverse claims. *Id.* at § 761.020(a)-(e); *see generally* Witkin, California Procedures § 663 (5th ed. 2008). "[I]f the plaintiff fails to show any legal interest in the property in controversy, and as to which he asserts title, he must fail altogether . . . ." *Wright v. City of Morro Bay,* 144 Cal. App. 4th 767, 775 (2006). Plaintiffs fail to provide a legal description of the property, despite their contention to the contrary. *See* Complaint 24:21-22. Plaintiffs also fail to identify a date as of which the determination is sought.

Furthermore, Plaintiffs will be unable to establish any competing claim to title. The foreclosure process has yet to be completed, and title remains in their name. *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1168 (S.D. Cal. 2009) (holding that "recorded foreclosure Notices do not affect Plaintiffs' title, ownership, or possession in the Property"). Without a competing claim to the title, Plaintiffs cannot assert a claim for quiet title.

Moreover, Plaintiffs cannot quiet title without paying the money secured by the Property. *See* Civil Code § 1691(b); *Lee v. Aurora Loan Servs.,* No. C 09-4482 JF (HRL), 2010 WL 1999590, *5 (N.D. Cal. May 18, 2010) ("[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured" (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934)); *see generally* 4 Miller & Starr, California Real Estate § 10:212, p.686-87 (3d ed. 2003). Here, Plaintiffs must pay off the Loan to successfully quiet title to the Property. Plaintiffs have

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1  not tendered, or alleged that they have tendered, payment of the Loan.  Therefore, Plaintiffs cannot

2  prevail on their claim for quiet title.

3       **E.**     **<u>Plaintiffs Fail To State A Claim For Breach Of Fiduciary Duty</u>.**

4       Plaintiffs allege that unidentified "Defendants Agent, appraiser, trustee, Lender, et al, and

5  each of them, owed Petitioner a fiduciary duty of care with respect to the mortgage loan

6  transactions," and that "Defendants" breached their fiduciary duties by not complying with "all

7  applicable laws governing the loan transactions."  Complaint at 26:7-14.

8       Plaintiffs have no claim against BAC for breach of fiduciary duty.  To state a cause of

9  action for breach of fiduciary duty, a plaintiff must allege "the existence of a fiduciary

10  relationship, its breach, and damage proximately caused by that breach."  *Roberts v. Lomanto*, 112

11  Cal. App. 4th 1553, 1562 (2004) (quoting *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991)).  A

12  contractual relationship amounting to a "debtor/creditor relationship" does not create a fiduciary

13  duty.  *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 32-33 (2003).  More specifically in the

14  context of a mortgage transaction, a lender has no fiduciary duty to a borrower when a borrower

15  obtains a loan through the course of an ordinary lender-borrower relationship.  *See, e.g., Nymark v.*

16  *Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991) ("The relationship

17  between a lending institution and its borrower-client is not fiduciary in nature.").  A "commercial

18  lender is entitled to pursue its own economic interests in a loan transaction."  *Id.* (citations

19  omitted); *accord Kruse v. Bank of Am.*, 202 Cal. App. 3d 38, 67 (1988).  This right is "inconsistent

20  with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate

21  its interests to act on behalf of and for the benefit of another."  *Nymark*, 231 Cal. App. 3d at 1093

22  n.1; *accord Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 221

23  (1983).

24       Plaintiffs fail to allege any facts establishing a fiduciary relationship or a breach of any

25  fiduciary duty.  Plaintiffs' vague allegation that unspecified "Defendants" were fiduciaries is

26  insufficient to create a duty where the law is settled that none exists.

27

28

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**F.      Plaintiffs Fail To State A Claim For Negligence/Negligence Per Se.**

Plaintiffs style their next cause of action as a claim for "Negligence/Negligence Per Se. Complaint at 26:20. But, this "claim" is time-barred and unsupported by any facts. Plaintiffs' "Negligence Per Se" claim fails for the additional reason that it is not an independent cause of action.

**1.      Plaintiffs' Claim For Negligence/Negligence Per Se is Time-Barred.**

Pursuant to California Civil Procedure Code section 339, the statute of limitations for negligence claims is two years from the purported breach. *Coyotzi v. Countrywide Financial Corp.*, No. CV F 09-1036 LJO SMS, Slip Copy, 2009 WL 2985497, *6 (E.D. Cal. Sept. 16, 2009) (plaintiffs' claims for "negligence/negligence per se" was time-barred by applicable two-years statute of limitations.); *see also Southern Counties Thrift Co. v. Reardon*, 47 Cal. App. 2d 770, 771 (1941); *De La Torre v. Icenhower*, 2009 WL 3614563, *5-6 (S.D. Cal. Oct. 28, 2009).

Plaintiffs' allegations focus on the conduct of lenders in inducing people to enter into loan contracts and failing to disclose material terms of the loans prior to closing. *See* Complaint at 26:20-27:14. Here, Plaintiffs entered into the Loan in January 2007. *See* RJN, Exs. A and B. Therefore, any negligence claim based on BAC's alleged conduct must have been brought by January 2009. However the instant action was not filed until November 01, 2010, forty-six months (almost four years) after Plaintiffs entered into the Loan. Accordingly, Plaintiffs' purported claims for negligence and negligence per se are time-barred as well as meritless, as described below.

**2.      BAC Did Not Owe Or Breach A Duty To Plaintiff.**

To state a claim for negligence, a plaintiff must allege (1) the defendant's legal duty of care to the plaintiff: (2) breach of that duty; (3) causation; and (4) injury to the plaintiff as a result of that breach. *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). The threshold question in a negligence action is therefore whether a duty exists "to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Quelimane Co. v.*

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

*Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 57 (1998).  The duty requirement exists so that courts have some mechanism to limit "the otherwise potentially infinite liability which would follow from every negligent act."  *Thompson v. County of Alameda*, 27 Cal. 3d 741, 749-50 (1980).  Accordingly, a complaint that lacks facts to show that a duty of care is owed is fatally defective.  *Peter W. v. San Francisco Unified School Dist.,* 60 Cal. App. 3d 814, 820 (1976).

A lender owes no duty of care to a borrower, unless "the lender actively participates in the financed enterprise beyond the domain of the usual money lender."  *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (internal quotations and citations omitted); *see also Nymark*, 231 Cal. App. 3d at 1096.  "Thus, for example, a lender has no duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an unsafe investment."  *Id.*  Similarly, loan servicers also do not owe a duty of care to borrowers.  *Wong v. Am. Servicing Co., Inc.*, 2009 WL 5113516, *6 (E.D. Cal. 2009); *Watts v. Decision One Mortg. Co.*, 2009 WL 2044595, *3 (S.D. Cal. July 13, 2009) (citing *Nymark* for the holding that loan servicers owed no duty of care to plaintiffs).  Thus, BAC Home Loans, as a loan servicer, did not owe a  duty of care to Plaintiffs.

Neither does BAC owe a duty of care to Plaintiffs under TILA, HOEPA, RESPA, or RESPA's Regulations X and Z, despite Plaintiffs' assertion in their Complaint.  Complaint 26:25-26.  As a preliminary matter, any claim that Plaintiffs could  assert under those statutes would be time-barred by the applicable one-year or three-year statutes of limitations, as Plaintiffs entered into the Loan in January 2007 and filed this action on November 01, 2010.  The time to bring an action under TILA for rescission is three years and for damages is one year from the date of the violation.  15 U.S.C. §§ 1635(f); 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) (Section 1635(f) "is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d, 1176, 1183 (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation.")  The date of the violation refers to the date "the loan documents were signed."  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003); *see also King v. State of California*,

784 F.2d 910, 913 (9th Cir. 1986) (limitation period begins to run on the "date of the consummation of the transaction or upon the sale of the property, whichever occurs first"). HOEPA is an amendment to TILA and has the same applicable statute of limitations. *Kemezis v. Matthew*, No. Civ.A. 07-5086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008). RESPA claims under 12 U.S.C. § 2607 regarding " kickbacks and unearned fees" are subject to a one-year limitations period, and RESPA claims under 12 U.S.C. § 2605 are subject to a three-year limitations period. 12 U.S.C. § 2614. The limitations period begins to run at closing of the loan. *Snow v. First Am. Title Ins. Comp.*, 332 F.3d 356, 359 (2003). Plaintiffs' Complaint describes the law regarding equitable tolling of these statutory claims, but fails to identify any facts or circumstances that would support tolling in Plaintiffs' particular case. *See* Complaint at 19:5-20:17.

To the extent that Plaintiffs are attempting to assert any independent statutory claims against BAC unrelated to negligence and/or a duty of care, Plaintiffs' claims cannot succeed on the merits. As previously stated, BAC is a loan servicer. "[L]oan servicers are generally not liable under TILA and HOEPA." *Williams v. Saxon Mortg. Servs.*, *Inc.*, 2007 WL 3124470, *1 (S.D. Ala. Oct. 27, 2007) (citing 15 U.S.C. § 1641(f)(1) Thus, Plaintiffs cannot prevail on independent TILA and/or HOEPA claims against BAC.

Plaintiffs can only allege a RESPA violation against BAC under 12 U.S.C. § 2605, the "Servicer Act," because BAC is a loan servicer. A servicer's obligation to respond to consumer inquiries is triggered by its receipt of a "qualified written request." 12 U.S.C. § 2605(e). A qualified written request ("QWR") must be in the form of written correspondence, and it must include the "reasons for the belief of the borrower, to the extent applicable, that account is in error" or "provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B), (e)(1)(B)(ii). Plaintiffs do not allege that they ever submitted a QWR to BAC. Thus, Plaintiffs never triggered BAC' duty, as servicer, to respond to an inquiry. Plaintiffs thus cannot prevail on a RESPA claim against BAC because, among other things, Plaintiffs did not comply with the reporting requirements of 12 U.S.C. §§ 2605, *et seq.*

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

### 3. Negligence Per Se Is Not A Cognizable Claim.

Plaintiffs' negligence per se claim fails for the additional reason that negligence per se is not an independent cause of action in California.  Instead, it is an evidentiary doctrine.  *See Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1285-86 (2206); *Cal. Serv. Station & Auto Repair Ass'n v. Am. Home Assur. Co.,* 62 Cal. App 4th 1166, 1171, n.5 and 1178 (1998) (Negligence per se is the "presumption of negligence arising out of a violation of a statute, ordinance, or regulation…") (internal citations omitted).  Plaintiffs cannot state a claim for negligence per se.

### G. Plaintiffs Fail To State a Cause of Action for Fraud.

Plaintiffs fail to plead a cause of action for fraud against BAC.  It is unclear against whom the "Agent:  Common Law Fraud" action is asserted.  *See* Complaint at 27:15.  Instead of naming any individuals allegedly liable for fraud, Plaintiffs instead make vague references to certain "Agents."  *Id.* at 27:16-28:8.  Plaintiffs' Complaint defines "Agent" as "the person or entity who receives any portion of the yield spread premium, or a commission of any kind consequent to securing the loan agreement through from the borrower."  *Id.* at 7:3-6.  This definition of "Agent" does not apply to BAC as a loan servicer, but instead applies to brokers who, as Plaintiffs describe, should "seek out the best deal for [their] client" when securing a loan agreement.  *Id.* at 7:8.  That fact notwithstanding, BAC is the only named defendant in this action.  No "Agents," brokers, lenders, or other parties were identified by Plaintiffs.  Plaintiffs thus assert a fraud claim against unidentified non-parties.

### 1. Plaintiffs' Fraud Claim Is Time-Barred.

Plaintiffs could not succeed on the merits of their fraud claim even if they had identified BAC as the allegedly liable party because their cause of action for fraud is time-barred.  Any alleged fraud would have occurred when the Loan was originated in January 2007.  *See* RJN, Exs. A and B.  In California, the statute of limitations for fraud is three years.  Cal. Code Civ. Proc. § 338(d).  Plaintiffs did not file their Complaint until November 2010, nearly four years later.  Thus, any attempt by Plaintiffs to allege fraud is time-barred.

### 2. Plaintiffs Do Not Allege Fraud With Sufficient Particularity.

Even if the purported claim were not time-barred, to establish a valid claim for fraud,

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

Plaintiffs must state with particularity the circumstances constituting fraud.  Fed. R. Civ. Proc. 9(b).  To meet Rule 9(b)'s particularity requirements, the plaintiff must state "the who, what, where, when and how" of the fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106-07 (9th Cir. 2003).  A plaintiff must specifically plead (1) the misrepresentation, (2) the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading.  *See Moore v. Kayport Package Express, Inc.,* 885 F. 2d 531, 540 (9th Cir. 1989); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Moreover, alleging fraud against a corporate defendant requires further specificity. Because corporations speak through agents, the identity of the corporate agent that perpetrated the fraud and that person's authority to bind the company must be alleged to satisfy Rule 9(b)'s pleading requirement.  *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC,* No. 07-912, 2007 WL 3047093, at *4 (S.D. Cal. Oct. 16, 2007); see also *Tarmann v. State Farm Mut. Auto Ins. Co.,* 2 Cal. App. 4th 152 (1991).

Finally, where a fraud claim is so vague as to render amendment futile, a court should dismiss the claim with prejudice.  *Ruiz v. Mortgage Elec. Registration Sys.,* No. 09-0780, 2009 U.S. Dist. LEXIS 67050, at *26 (E.D. Ca. Aug. 3, 2009); see also *Aspenlind v. Am.'s Servicing Co.,* No. 07-0769, 2008 U.S. Dist. LEXIS 11530, at *12-13 (E.D. Ca. Feb. 15, 2008) (Dismissing plaintiff's fraud claim without leave to amend because amendment would be futile in light of complaint and opposition papers, which were "vague, confusing, and largely unintelligible.")

Here, Plaintiffs' allegations do not meet these stringent standards.  Plaintiffs fail to allege how the Loan was originated, much less specify any supposed fraud in the loan origination process.  The Complaint utterly fails to allege the "who, what, where, when and how" required of any fraud claim.  *See Vess*, 317 F. 3d at 1106-07.  Plaintiffs merely allege that unspecified "Agents" made "misrepresentations."  Complaint at 27:16-28:11.  The Complaint does not allege what misrepresentations were made, who purportedly made them, under what authority they were made, by what means, where, or when, or how Plaintiffs might have been damaged, if at all.

Plaintiffs have not alleged fraud with the requisite specificity.  In fact, Plaintiffs have alleged *no specific actions on the part of any party* such as might support a claim for common law fraud.

**H.**      **Plaintiffs' Complaint Fails To State A Claim For Breach Of The Implied Covenant of Good Faith And Fair Dealing.**

Plaintiffs allege that unspecified "Defendants" breached the implied covenant of good faith and fair dealing by, *inter alia*, failing to "provide all of the proper disclosures" and failing to advise Plaintiffs of the financial risk involved with a home loan.   Complaint at 29:11-21.  Plaintiffs do not allege any facts in support of their claim, which fails as a matter of law.

The covenant of good faith and fair dealing is implied in every contract, and ensures that neither party will do anything to deprive the other party of the benefits of the contract.  1 B.E. Witkin, *Summary of California Law*, Contracts § 798 (10th ed.)  But, "[g]enerally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'"  *Valenzuela v. America Home Mortg. Inv. Trust* 2005-2, No. CV-F-08-1179 OWW/SMS, 2009 WL 839930, at *23 (E.D. Ca. Mar. 30, 2009).  "The relationship between a lending institution and its borrower-client is not fiduciary in nature."  *Id.*; *see also Nymark v. Heart Fed. Sav. Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991).  Here, Plaintiffs have not alleged any fiduciary relationship or any circumstances other than an ordinary loan to which BAC was not even a party.  Further, there is no contractual relationship between Plaintiffs and BAC.  BAC is a loan servicer, rather than a lender.

The implied covenant of good faith and fair dealing does not impose pre-contractual obligations or duties. The implied covenant is a supplement to an existing contract.  It does not require parties to negotiate in good faith before any agreement is reached.  *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008); *Racine & Laramie Ltd. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-1035 (1992).   To the extent Plaintiffs' claim is predicated on an alleged failure to provide disclosures before execution of the relevant loan documents, the claim fails as a matter of law.  *See* Complaint at 28:15-29:28.

If a contract did exist from which the covenant arose, Plaintiffs' claim would still fail

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

because Plaintiffs fail to attach such contract to the Complaint or to allege the specific provisions in the Complaint. *See Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985) (holding that if the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference).  Moreover, "the implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself."  *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App. 4th 1107, 1120 (2008); *see also Carma Developers, Inc. v. Marathon Dev. Co., Inc.*, 2 Cal. 4th 342, 374 (1992).  The loan documents and California Civil Code § 2924 allow foreclosure to be initiated upon default.  *See* RJN, Exs. A and B.  The initiation of foreclosure thus cannot be the basis for a covenant claim.

**I.     Plaintiffs' Claim For Violation Of The Truth In Lending Act Fails Because It Is Time-Barred and Fails To State Any TILA Violation.**

Plaintiffs' next purported cause of action alleges that BAC violated the federal Truth In Lending Act ("TILA").  *See* Complaint at 30:1-10.  Plaintiffs claim that such violations "invalidate[] Defendant's claimed interest in the Subject Property, and entitles Petitioner to damages as proven at trial."  *Id.* at 30:8-10.  Plaintiffs lack standing to bring this claim, which is time-barred and unsupported by any factual allegations.

**1.     Plaintiffs Do Not  Allege Tender Of The Borrowed Funds.**

Plaintiffs lack standing to bring a TILA rescission claim because they fail to allege that they tendered or are able to tender the borrowed funds back to the lender.  A claim for rescission requires that plaintiffs allege that they can or will tender the borrowed funds back to the lender.  *Kamp v. Aurora Loan Servs.*, No. 09-00844, 2009 WL 3177636, at *2 (C.D. Cal. Oct. 1, 2009) (*citing Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003) ("Rescission should be conditioned on repayment of the amounts advances by the lender.  A court may properly dismiss a plaintiff's TILA claim where the plaintiff fails to allege tender, before even deciding if there is any TILA violation.  *Yamamoto*, 329 F. 3d at 1169-73; *Sitanggang v. IndyMac Bank, F.S.B.*, No. 09-

0367, 2009 WL 1286484, at *5 (E.D. Cal. May 6, 2009) (holding that "the absence of a sufficiently alleged… tender of loan proceeds dooms plaintiffs' TILA rescission claim to warrant its dismissal").  Here, because Plaintiffs fail to allege tender at all, their claim for TILA rescission should be dismissed.

### 2.  Plaintiffs' TILA Claim Is Time-Barred.

As previously discussed, the time period to bring an action under TILA for damages is one year and for rescission is three years from the date of the violation.  15 U.S.C. §§ 1635(f); 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003).  The date of the violation refers to the date "the loan documents were signed."  *Meyer v. Ameriquest Mortg. Co*. 342 F.3d 899, 902 (9th Cir. 2003); *see also King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986).  Plaintiffs seek damages in connection with their TILA claim.  Complaint at 30:9.  The relevant loan documents were signed in January 2007, and this action was filed in November 1, 2010.  *See* RJN, Exs. A and B.  Accordingly, Plaintiffs' purported TILA claim for damages is barred by the applicable statutes of limitations.

### 3.  Plaintiffs Fail To Allege A Breach Of TILA By BAC.

Even if Plaintiffs' purported TILA claims were timely, Plaintiffs have not and cannot allege any violation of TILA.  TILA and Regulations Z, the regulation that defines credit disclosure requirements under TILA, contain specific disclosure requirements that will give rise to a TILA violation if not followed by the creditor.  *See* 15 USC 1638 (a), (b) , (c).  Plaintiffs' purported TILA claim, however, contains only general allegations about the loan.  It fails to include any specific disclosures BAC allegedly did not make, and how BAC's conduct allegedly violated TILA.  Such allegations are insufficient to satisfy the facial plausibility standard established in *Twombly* and *Iqbal*.

In addition, "loan servicers are generally not liable under TILA and HOEPA."  *Williams v. Saxon Mortg. Servs.*, *Inc.*, 2007 WL 3124470, *1 (S.D. Ala. Oct. 27, 2007) (citing 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1  not be treated as an assignee of such obligation for purposes of this section unless the servicer is or

2  was the owner of the obligation.")); *see also Marks v. Ocwan Loan Servicing*, 2008 WL 344210

3  (N.D. Cal. Feb. 06, 2008).  Thus, BAC, as a loan servicer, is not liable under TILA.

4       Plaintiffs also contend in a conclusory fashion that they are entitled to damages under

5  TILA.  Complaint at 30:9.  They further allege that BAC is merely an assignee.  *Id.* at 12:2-3.  In

6  order to be entitled to damages, however, Plaintiffs are required to allege that the purported TILA

7  violations were apparent on the face of the loan documents BAC acquired.  15 U.S.C. § 1641(e);

8  *see also Bushong v. Paramount Equity Mortgage, Inc.*, 2010 WL 3945256 (Dist. Or. 2010) at *5;

9  *Russell v. Mortgage Solutions Management, Inc.,* 2010 WL 3945109 (Dist. Or. 2010) at *2

10 (same).  Plaintiffs' Complaint is devoid of any such allegations.  Indeed, Plaintiffs' Complaint

11 fails to provide any factual detail whatsoever as to how TILA was violated, let alone how the

12 purported TILA violations were apparent on the face of the loan documents.  Accordingly,

13 Plaintiffs are not entitled to statutory damages.

## J.   Plaintiffs Fail To State A Cause Of Action On Their Claim For Intentional Infliction Of Emotional Distress.

Plaintiffs' final purported claim for relief alleges intentional infliction of emotional

distress.  *See* Complaint at 30:11-24.  This claim, however, is time-barred and unsupported by any

facts.

### 1.   Plaintiffs' Claim For Intentional Infliction Of Emotional Distress Is Time-Barred.

Plaintiffs' claim for intentional infliction of emotional distress fails because it is time-

barred.  The statute of limitations for any alleged intentional infliction of emotional distress is two

years.  Cal. Code Civ. Proc. § 335.1.  All of the complained-of conduct allegedly perpetrated by

BAC and unspecified non-parties took place before or contemporaneous with the signing of

Plaintiffs' loan documents in January 2007.  This action was not filed until November 1, 2010.

Thus, the claim is outside of the limitations period.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

**2.    Plaintiffs Do Not Allege Any Facts In Support Of Their Claim For Intentional Infliction Of Emotional Distress.**

Plaintiffs' claim fails to allege that BAC engaged in extreme and outrageous conduct or specify what severe emotional distress Plaintiffs allegedly suffered as a result.  *See* Complaint at 30:11-24.  "The elements of a cause of action for intentional infliction of emotional distress are well settled.  A plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress."  *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744-45 (2002) (affirming demurrer).  In affirming a trial court's ruling sustaining a demurrer to an intentional infliction of emotional distress claim, the court in *Conroy v. Regents of University of Califor*nia, 151 Cal. App. 4th 132, 146 (2007) held that "[t]he defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result" (internal quotes omitted).  The conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society."  *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878 (1989).  "While the outrageousness of a defendant's conduct normally presents an issue of fact to be determined by the trier of fact, the court may determine in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery."  *Id.* at 883 (citations omitted).  Where, as here, "physical harm has not resulted from the emotional distress, the courts tend to look for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious."  *See In Perati v. Atkinson*, 213 Cal. App. 2d 472, 474 (1963) (affirming demurrer).

The question of whether a pleaded set of facts meets the "outrageous conduct" standard has often been resolved as a question of law at the pleading stage.  *See, e.g.*, *Isaacson v. California Ins. Guarantee Assn.*, 44 Cal. 3d 775, 789 (1988) (trial court could find on demurrer that alleged facts were insufficient to establish outrageous conduct); *see also Davidson v. City of Westminster*, 32 Cal. 3d 197, 210 (1982) (same).  A "court may determine in the first instance, whether the

1  defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit

2  recovery." *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989).

3        Plaintiffs' purported claim falls far short of this pleading requirement.  Plaintiffs assert the

4  bare allegation that the "conduct committed by Defendants [sic] … was extreme and outrageous,"

5  but the allegedly outrageous conduct is never described or otherwise identified.  Complaint. at

6  30:12-15.  Plaintiffs, therefore, cannot demonstrate that BAC engaged in "outrageous conduct"

7  such as might expose them to liability because Plaintiffs fail to identify ***any conduct*** -  let alone

8  outrageous conduct – engaged in by BAC.  Accordingly, Plaintiffs' claim for intentional infliction

9  of emotional distress should be dismissed without leave to amend.

10 **V.      CONCLUSION.**

11       Plaintiffs' Complaint demonstrates that they do not have facts sufficient to state any claim

12 for relief against BAC.  Nor is there any indication amendment would overcome any of the

13 Complaint's numerous deficiencies.  Therefore, for all the reasons and authorities set forth above,

14 BAC urges dismissal of Plaintiffs' Complaint without leave to amend.

15

16 Dated:  December 17, 2010              **BRYAN CAVE LLP**
                                         Sean K. McElenney
17                                       Bahareh Mostajelean

18                                       By:   /s/ S.K. McElenney
19                                                   Sean K. McElenney
                                         Attorneys for Defendant
20                                       BAC HOME LOANS SERVICING, LP

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111