**BRYAN CAVE LLP**
Bahareh Mostajelean, California Bar No. 258903
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone:      (415) 675-3400
Facsimile:      (415) 675-3434
Email:            bahareh.mostajelean@bryancave.com

**BRYAN CAVE LLP**
Sean K. McElenney, California Bar No. 160988
Two North Central Ave., Suite 2200
Phoenix, AZ 85004-4406
Telephone:   602-364-7000
Facsimile:   602-364-7070
Email:       skmcelenney@bryancave.com

Attorneys for Defendant
BAC HOME LOANS SERVICING, LP

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| Thomas & Karen Ryan,<br><br>                    Plaintiffs,<br><br>            vs.<br><br>BAC Home Loans Servicing, LP,<br><br>                    Defendant. | Case No. 2:10-cv-02928-WBS-GGH<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Magistrate Judge Gregory G. Hollows<br><br>Date:          February 17, 2011<br>Time:          10:00 a.m.<br>Courtroom:  9, 13th Floor<br><br>Complaint Filed: November 01, 2010<br><br>Trial Date:   Not Assigned |

Plaintiffs Thomas and Karen Ryan filed a complaint in the above-captioned action on November 1, 2010.   On December 17, 2010, Defendant BAC Home Loan Servicing, LP ("Defendant") filed a Motion to Dismiss ("Motion") and now file this Reply in support of that Motion.

Like Plaintiffs' Complaint, Plaintiffs' Response to the Motion to Dismiss ("Response") is copied from the Internet.  As such, it predictably fails to provide any facts specific to Plaintiffs'

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

claims and it fails to address the dispositive authorities Plaintiffs cite in their Motion.  The same opposition has been filed in at least two other federal court proceedings, both of which were subsequently dismissed.  [See Request for Judicial Notice In Support of Defendant's Reply In Support of Motion to Dismiss ("RJN"), at Exhibits A (Avetisyan Response to Rule 12 Motion) and B (Vasconcellos Response to Rule 12 Motion)]  [See also, Request for Judicial Notice In Support of Defendant's Motion to Dismiss, at Exhibits F and H; Orders Dismissing Plaintiff's Complaints in Avetisyan and Vasconcellos]  Plaintiffs' Response fails to assert or discuss any facts sufficient to support Plaintiffs' claims.  Plaintiffs' Response further fails to cite to any authority controverting any of the arguments in Defendant's Motion which require dismissal of Plaintiffs' Complaint.  As such, Plaintiffs' Response fails to provide any factual or legal basis for denying Defendant's Motion.

## I.   PLAINTIFFS' RESPONSE FAILS TO ADDRESS THE ARGUMENTS RAISED IN DEFENDANT'S MOTION.

Plaintiffs' boiler-plate Response, copied from the Internet, does not address the arguments raised nor the authorities cited in Defendant's Motion.  Instead, Plaintiffs merely reassert claims from their Complaint and copy language directly from the Avetisyan and Vasconcellos responses that were properly dismissed, as this matter should be.  [See RJN, at Exhibits A and B]  With respect to the remainder of Plaintiffs' claims in the Response, Plaintiffs baldly assert that their claims were properly pled in the Complaint.  Plaintiffs offer no explanation for this conclusion, nor do they identify any facts or law which would support their claims.

The Response also fails to clarify how Defendant could be liable to the Plaintiffs under any cause of action invoked in the Complaint.  The substantive allegations in the Response all appear related to loan origination and are directed at unidentified "Defendants," a "loan broker," "Lenders," a "Lender," and a "Broker."  [See, e.g., Response ¶¶ 1-6, 22-27, 44-46]  Like the Complaint, the Response provides no facts whatsoever showing that Defendant, who merely services Plaintiffs' Loan, was in any way involved in originating the Loan.  To the contrary, the Deed of Trust makes clear that Defendant neither originated nor funded the Loan.  [See Request for Judicial Notice In Support of Defendant's Motion to Dismiss, at Exhibit B]

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## II.   PLAINTIFFS' RESPONSE PURPORTS TO ALLEGE NEW CLAIMS AGAINST DEFENDANT THAT ARE TIME-BARRED AND FAIL TO COMPLY WITH REPORTING REQUIREMENTS.

The only claim that Plaintiffs even attempt to address in the Response in any substantive manner, albeit without success, is one based on the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607.  Plaintiffs' allegations of RESPA violations appear within their negligence claim in the Complaint.  In their Response, Plaintiffs seem to argue that they are actually asserting a separate claim for violations of RESPA based on the fact that they were allegedly charged improper fees at closing.  [See Response ¶¶ 22-24]  This "claim" also fails.

Plaintiffs' Complaint does not assert a claim for violation of RESPA.  But, assuming, arguendo, that Plaintiffs have made such a claim, Plaintiffs' Complaint should be dismissed nevertheless

First, any RESPA claim asserted by Plaintiffs is time-barred.  RESPA claims under 12 U.S.C. § 2607 "against kickbacks and unearned fees" are subject to a one-year limitations period, and RESPA claims under 12 U.S.C. § 2605 are subject to a three-year limitations period. 12 U.S.C. § 2614.  The limitations period begins to run at loan closing.  Poolis v. Countrywide, N.A., No. F090669, 2010 WL 3853046, at *4 (E.D. Cal. Sept. 30, 2010), citing Snow v. First Am. Title Ins. Comp., 332 F.3d 356, 359 (5th Cir. 2003).  Plaintiffs' Deed of Trust was recorded January 10, 2007.  [See Request for Judicial Notice In Support of Defendant's Motion to Dismiss, at Exhibit B]  Therefore, Plaintiffs had to bring any RESPA claims prior to January 10, 2010. Because Plaintiffs' Complaint was not filed until November 1, 2010, and Plaintiffs fail to identify any facts or circumstances that might toll the statute of limitations, any purported RESPA claims are time-barred.

Further, as stated more fully in Defendant's Motion, Plaintiffs may only assert a RESPA violation against Defendant under 12 U.S.C. § 2605, the "Servicer Act," because Defendant is a loan servicer.  A servicer's obligation to respond to consumer inquiries is triggered by its receipt of a "qualified written request."  12 U.S.C. § 2605(e).  Plaintiffs do not allege that they ever submitted a qualified written request to Defendant.  As such, Plaintiffs never triggered Defendant's duty, as servicer, to respond to an inquiry.  Plaintiffs, thus, cannot prevail on a

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

684337.2

3

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

RESPA claim against Defendant because Plaintiffs did not comply with the reporting requirements of 12 U.S.C. §§ 2605, et seq.

## III. 16 C.F.R. § 433 DOES NOT APPLY TO PLAINTIFFS' LOAN AND THEY HAVE NO CAUSE OF ACTION UNDER IT.

In their Response, Plaintiffs further allege that unspecified "Defendants" claim "standing to express the provisions of the contract of sale and lien" and are, therefore, "subject to any claim" Plaintiffs may have against their original lender "under the Federal Trade Commission Holder Rule 16 C.F.R. 433."  [See Response ¶ 21]  These allegations are not only confusing, they are meritless.

Section 433.2 requires that certain consumer credit contracts contain a notice stating, in part, that "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained."  16 C.F.R. § 433.2(a). Section 433.2(a) does not apply to the Plaintiffs' Loan because a "consumer credit contract' made in connection with any sale of 'goods and services' does not include a mortgage loan agreement not made in connection with a sale of goods or services."  Johnson v. Long Beach Mortg. Loan Trust 2001-4, 451 F. Supp. 2d 16, 55 (D. D.C. 2006).  Furthermore, Plaintiffs have no private cause of action or remedy under Section 433.  Kilgore v. KeyBank, __ F. Supp. 2d __, 2010 WL 1461577, at *3 (N.D. Cal. 2010) ("No private right of action exists to enforce [16 C.F.R. § 433], violations of which can only be pursued by the FTC."); Johnson, 451 F. Supp. 2d at 55 n.20 ("the Court notes that 16 C.F.R. § 433 'does not provide a remedy as a matter of federal law'").  For these reasons, Defendant is not and cannot be "subject to any claim" Plaintiffs allege they may have against their original lender under Section 433.

## IV. THE COURT SHOULD REJECT PLAINTIFFS' OFFER TO PROVIDE A MORE DEFINITE STATEMENT AND NOT GRANT THEM LEAVE TO AMEND,

In their Response, Plaintiffs assert that they "are willing to prepare a more definite statement for the court."  [See Response ¶ 78]  Defendant asks the Court to reject Plaintiffs' offer. Through the Complaint and the Response, Plaintiffs demonstrate their inability and refusal to provide a more definite statement.  Indeed, their opportunity to do so was in their Response to

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

Defendant's Motion, a motion that specifically detailed their failure to provide definite factual assertions.

Defendant also requests that the Court not permit Plaintiffs to amend the Complaint because any effort to do so would be futile.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend"). Naming Defendant in any amended complaint for allegations related to loan origination would be futile for the reasons set forth above.  Moreover, each allegation in the Complaint, against any defendant, under every cause of action invoked, is meritless, insufficiently pled, and/or time-barred for the reasons set forth in Defendant's Motion.  Granting Plaintiffs leave to amend the Complaint to re-raise these meritless allegations will not result in them bringing any valid claim upon which the Court may grant relief.  Rather, it will needlessly consume additional time and resources of the Court and the parties.

Therefore, the Court should grant Defendant's Motion and dismiss the Complaint with prejudice.

Dated:  February 10, 2011

**BRYAN CAVE LLP**
Sean K. McElenney
Bahareh Mostajelean

By:   /s/ S.K. McElenney
           Sean K. McElenney
Attorneys for Defendant
BAC HOME LOANS SERVICING, LP

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

3

4    I am employed in the County of Maricopa, State of Arizona.  I am over the age of 18 and not a party to the within action.  My business address is Two N. Central Avenue, Suite 2200, Phoenix, AZ  85004-4406.

5

6    On February 10, 2011, I served the foregoing document, described as Reply in Support of Defendant's Motion to Dismiss on each interested party in this action, as follows:

7

8                    Thomas & Karen Ryan
                    4446 Lazy Lane
                    San Jose, CA 95135
9                    Plaintiffs Pro Per

10   ☐     (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

11

12   ☒     (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Phoenix, AZ.  I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence  for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

13

14

15   ☐     (BY FEDERAL EXPRESS)  I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

16

17

18   ☐     (BY FAX)  I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (602) 364-7070 to each interested party at the facsimile number shown above.  Each transmission was reported as complete and without error.  A transmission report was properly issued by the sending facsimile machine for each interested party served.  A true copy of each such transmission report is attached hereto.

19

20

21   Executed on February 10, 2011, at Phoenix, Arizona.

22   I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

23

24                    _____/s/Cathy Russell_____
                    Cathy Russell

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

684337.2

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS