IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Thomas Ryan, et al.,

      Plaintiffs,                    No. CIV S-10-2928 WBS GGH PS

     vs.

BAC Home Loans Servicing, LP,

      Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for February 17, 2011 was defendant BAC Home Loans Servicing's amended motion to dismiss, filed December 17, 2010. Also before the court was plaintiffs' application for preliminary injunction, filed February 4, 2011. Plaintiffs Thomas and Karen Ryan made no appearance. Sean McElenney appeared telephonically for defendant. Having heard oral argument and reviewed the filings in support of and in opposition to the motion, the court now issues the following findings and recommendations, recommending that defendant's motion be granted and plaintiffs' motion be denied.

BACKGROUND

        Plaintiffs Thomas and Karen Ryan filed this action on November 1, 2010. Plaintiffs allege that defendant induced them into a predatory loan agreement for the financing[1]

---

[1] The loan documents indicate that the loan agreement was for the initial purchase of the property. (Def.'s RJN Exs. A, B.)

1

of their primary residence, and committed numerous acts of fraud in regard to that agreement. (Compl. at 2.) Plaintiffs allege no other facts in their boilerplate complaint; however, the loan documents submitted in support of defendant's motion to dismiss indicate the loan agreement was executed on January 3, 2007. (Def.'s RJN, Exs. A, B.) According to defendant, plaintiffs defaulted on the note in April 2009, and notice of default was filed on August 20, 2009. (Def.'s RJN Ex. C.) Defendant noticed a trustee sale, which was originally scheduled for April 28, 2010, but was continued to January 14, 2011, then February 4, 2011, and most recently to March 4, 2011, according to the parties' papers. (Id., Ex. D, Def.'s Mot. at 10, Pls.' App. for Prelim. Inj. at 4, Def.'s Opp'n to Pls.' Prelim. Inj. App. at 2.)

The complaint contains claims for violation of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"),[2] unjust enrichment, quiet title, breach of fiduciary duty, negligence, fraud, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. Plaintiffs seek injunctive relief and costs of suit.

DISCUSSION

I. Legal Standards for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice

---

[2] The complaint does not set forth a separate cause of action under RESPA but rather references this act under other claims. (Compl. at 15, 17, 19, 20.) The undersigned will construe such causes of action out of an abundance of caution, however, as pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

II. Legal Standard for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, ___, 129 S. Ct. 365, 374 (2008)). "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, __F.3d__, 2011 WL 208360 *7 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)) and finding that the "serious questions" test remain valid after Winter.). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S. Ct. at 376.

III.  Motion to Dismiss

Although plaintiffs filed an opposition, they did not appear at the hearing on the motion to dismiss or for their own application.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. Failure to appear at a scheduled hearing may be deemed not only withdrawal of opposition to a motion but grounds for sanctions. E. D. Cal. L. R. 230(j). More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).

1  Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction
2  of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
3  (setting forth same factors for consideration as Ghazali).
4        The court has considered the factors set forth in Ghazali.  "[T]he key factors are
5  prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th
6  Cir.1990).  Defendant is clearly prejudiced by the requirement of defending an abandoned case,
7  and this court is put in the untenable position of expending limited judicial resources to decide
8  such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's
9  need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be
10  dismissed.  Nevertheless, because plaintiffs did file an opposition to the motion to dismiss, the
11  motion will be analyzed on its merits in the alternative.
12      A.  TILA
13         1.  Rescission
14        Rescission claims under TILA "shall expire three years after the date of
15  consummation of the transaction or upon the sale of the property, whichever occurs first."  15
16  U.S.C. § 1635(f).
17        In this case, although the complaint itself is devoid of factual allegations, the loan
18  documents indicate that the Subject Loan was consummated on or about January 3, 2007.
19  (Def.'s RJN, Exs. A, B.)  Plaintiffs did not bring the instant action until November 1, 2010;
20  accordingly, more than three years have passed since the alleged TILA violations.  15 U.S.C. (Id.
21  at § 1640(e)).
22        Furthermore, equitable tolling does not apply to rescission under this provision of
23  TILA.  If the borrower files his or her suit over three years from the date of a loan's
24  consummation, a court is powerless to grant rescission.  Miguel v. Country Funding Corp., 309
25  F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on
26  rescission actions' which bars any claims filed more than three years after the consummation of

the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.")  As such, defendant's motion to dismiss plaintiffs' rescission claim under TILA should be granted without leave to amend.

Additionally, the Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of N.Y., 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original).  District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds.  See, e.g., Garza v. Am. Home Mortgage, 2009 WL 188604 at *5(E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 WL 2901637 at *8 (S.D. Cal. 2009); ING Bank v. Korn, 2009 WL 1455488 at *1 (W.D. Wash. 2009).  In this case, plaintiffs have failed to allege any facts relating to their ability to tender the loan proceeds, or that they in fact ever tendered the loan proceeds.

Finally, rescission is not available under TILA because the transaction for which plaintiffs seek rescission was a "residential mortgage transaction," within the meaning of § 1602(w) (security interest sought against plaintiff's dwelling for the purpose of acquiring it),[3] and was therefore expressly exempt from TILA's disclosure and rescission rights pursuant to § 1635(e)(1) ("[t]his section does not apply to. . . a residential mortgage transaction as defined in section 1602(w) of this title").  See also, 12 C.F.R. § 226.23 (f) (exempting residential mortgage transactions from rescission rights).

\\\\\

---

[3] 15 U.S.C. § 1602(w) provides:  "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  Accord, 12 C.F.R. § 226.2(a)(24).

Accordingly, the court finds that plaintiffs have failed to state a claim under the Truth in Lending Act for rescission.[4]

2. Damages

Although the complaint does not seek damages, plaintiffs' boilerplate opposition discusses damages in the TILA context.  Therefore, assuming arguendo that plaintiffs seek damages, TILA provides that a plaintiff can bring an action to recover damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  As stated above, plaintiffs brought this action more than three years after consummation of the loan; accordingly, their TILA damages claim is time-barred.

Plaintiffs' opposition, without explanation, alleges that equitable tolling should apply where the borrowers did not have a reasonable opportunity to discover the fraud or non-disclosures. (Opp'n at 17.)  Plaintiffs' boilerplate opposition contains no facts responsive to defendant's grounds for dismissal.  In regard to equitable tolling, plaintiffs state: "plaintiffs acted with due diligence.... Defendants acted with deliberate malice toward Plaintiffs in that Defendants by making proactive statements to Plaintiffs that revealed certain facts which would give a reasonable person of ordinary prudence cause to believe the current loan was properly priced and that said loan was the only loan Plaintiffs qualified for while withholding facts which would have given Plaintiffs full disclosure." (Opp'n at 3.)  Plaintiffs claim they had no notice of defendant's wrongdoing until "improprieties of the real estate market were finally made public in the popular media." (Id. at 4.)

Plaintiffs have not provided specific facts pertaining to this case.  Therefore, defendant's motion to dismiss any damages claim should be granted without leave to amend.

\\\\\

---

[4] Additionally, plaintiffs cannot maintain an action under TILA against BAC Home Loans as servicer because a servicer is not treated as an assignee of the obligation unless it is the owner of the obligation. 15 U.S.C. § 1641(f)(1).

7

B. RESPA

The complaint alleges the following RESPA violations: "Lender charged fees to [plaintiffs] that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor;" "Good Faith Estimate not within limits, no HUD-1 Booklet, Truth In Lending Statement not within limits compared to Note, Truth in Lending Statement not timely presented, HUD-1 not presented at least one day before closing, No Holder Rule Notice in Note, No 1st Payment Letter." (Compl. at 15:17-20; 17:6-10.) In their opposition, plaintiffs argue that "defendant charged false fees" under RESPA.

To the extent that plaintiffs' attempt to state a RESPA cause of action, 12 U.S.C. § 2605(e)(1) requires the servicer to provide information relating to the servicing of the loan upon a qualified written request by the borrower. Plaintiffs have not provided any facts indicating that they made a qualified written request to BAC Home Loans, and that BAC Home Loans failed to provide information relating to the servicing of the loan.

"'Naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient. Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In their opposition, plaintiffs make a vague and ambiguous contention that "it was demanded to please provide," followed by a list of specific information. (Opp'n at 8.) Plaintiffs do not state who made the demand, upon whom it was made, when it was made, and how it might have satisfied the requirements of a qualified written request.

Furthermore, as provided in its reply, BAC's contention that any such claims are barred by the statute of limitations is correct. See 12 U.S.C. § 2614 (providing for one year statute of limitations period for violations of §§ 2607 and 2608, and three year limitations period for violations of § 2605).

Therefore, any potential RESPA claim against BAC Home Loans will be

dismissed.

C. State Law Claims

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiffs' possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' ") (quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988)).

IV. Application for Preliminary Injunction

As demonstrated by the previous discussion, there is no probability of success on the merits; therefore preliminary injunctive relief should be denied.

CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. Defendant's amended motion to dismiss, filed December 17, 2010, (dkt. #23), be granted;

2. Plaintiffs' ex parte application for preliminary injunction, filed February 4, 2011, (dkt. #27), be denied; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/18/2011

/s/ Gregory G. Hollows

U. S. MAGISTRATE JUDGE

GGH:076:Ryan2928.mtd.wpd